IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

TIFFANY DORF, et al.,

       Plaintiffs,

       vs.

CITY OF EVANSVILLE, et al.,

       Defendants.

Case No. 11-CV-351-S

---

## ORDER GRANTING DEFENDANTS GENTILE AND BJORKLUND'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

This matter comes before the Court on Defendants Gentile and Bjorklund's Motion for

Judgment on the Pleadings [Doc. 16]. The Court, having reviewed Defendants' motion and the

memoranda submitted both in support and opposition,[1] having heard oral argument, and being

---

[1] In addition to their briefing on this issue, both parties submitted documents extraneous to the pleadings for the Court's consideration. As the Court noted at the beginning of the hearing, the Court declined to consider these materials. Although the Court is mindful that it may consider documents referenced in the Complaint and central to Plaintiff's claim without converting a motion to dismiss into a motion for summary judgment, *see Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997), the documents relied upon by Defendants were not necessary to Defendants' motion. Accordingly, the Court restricted its assessment to the sufficiency of Plaintiff's Amended Complaint.

otherwise fully advised in the premises, has determined that Defendants' motion is well taken and should be granted.  In connection therewith, the Court FINDS and ORDERS as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Tiffany Dorf alleges that on the night of November 10, 2010, she was sexually assaulted by then-Evansville Police Officer Ramiro Pena.  In addition bringing claims against Mr. Ramiro, Ms. Dorf also brings suit against the City of Evansville, Evansville Chief of Police Zach Gentile, Pena's supervising officer, Evansville Police Officer Josh Bjorklund, as well as various John Doe defendants.  With respect to Defendants Gentile and Bjorklund, Ms. Dorf brings suit under 42 U.S.C. § 1983, alleging Defendants violated Ms. Dorf's rights under the Fourth and Fourteenth Amendments to the United States Constitution by failing to adequately screen Pena for employment and by failing to adequately train and supervise Pena while he was a member of the Evansville Police Department.  Ms. Dorf asserts a similar negligent hiring and supervision claim under state law.  An additional claim for negligent infliction of emotional distress is asserted against Defendants Gentile and Bjorklund by and on behalf of Ms. Dorf's minor son.

Defendants Gentile and Bjorklund move for judgment on the pleadings as to all claims asserted against them, arguing that Plaintiffs have failed to allege sufficient operative facts to state a plausible claim for relief against them.  This Court agrees.

## STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for

judgment on the pleadings" under Fed. R. Civ. P. 12(c).  The Court reviews a motion for judgment on the pleadings pursuant to Rule 12(c) under the same standard that applies to Rule 12(b)(6) motions to dismiss.  *Morris v. City of Colorado Springs*, 666 F.3d 654, 660 (10th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  A complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertions' devoid of "further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration omitted).

Courts have struggled to apply the new, refined pleading standard set forth in *Iqbal* and *Twombly* consistently. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). As the Tenth Circuit has observed:

> The primary source of confusion has been the meaning of the term "plausibility."
> According to the Supreme Court, "the plausibility standard ... asks for more than a
> sheer possibility" of unlawful conduct:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quoting *Iqbal*, 556 U.S. at 678).  Applying this standard, the Tenth Circuit has held that:

> plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.

*Khalik v. United Air Lines*, 671 F.3d 1188,1191 (10th Cir. 2012) (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir.2008) and *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).   "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Robbins,* 519 F.3d 1242, 1248 (10th Cir. 2008).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming*, 656 F.3d at 1215. "The *Twombly* standard may have greater bite in the context of a § 1983 claim against individual government actors, because they typically include complex claims against multiple defendants." *Id.* (quoting *Robbins*, 519 F.3d at 1249) (internal quotation marks omitted). "It is particularly important in such circumstances that the

4

complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual

with fair notice as to the basis of the claims against him or her, as distinguished from collective

allegations against the state." *Id.* (quoting *Robbins*, 519 F.3d at 1250) (emphasis original; alteration

omitted).

## DISCUSSION

### A.   Standard for Supervisory Liability

The Court assesses the sufficiency of Plaintiffs' allegations with the standard for finding

supervisor liability under 42 U.S.C. § 1983 as the relevant backdrop. "Under § 1983, government

officials are not vicariously liable for the misconduct of their subordinates." *Serna v. Colorado*

*Dept. of Corrections*, 455 F.3d 1146, (10th Cir. 2006). Instead, "[s]upervisors are only liable under

§ 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Id.*

> To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. In short, the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation.

> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because mere negligence is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur.

5

*Id.* (internal citations, quotation marks and alterations omitted).

The Supreme Court has been particularly cautious in extending municipal and supervisor liability to claims based on an allegedly inadequate hiring process, observing that such claims "pose the greatest risk that a municipality will be held liable for an injury that it did not cause." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382 (1997). As the Supreme Court has explained:

> [w]here a plaintiff presents a § 1983 claim premised upon the inadequacy of an official's review of a prospective applicant's record . . .there is a particular danger that a municipality will be held liable for an injury not directly caused by a deliberate action attributable to the municipality itself. Every injury suffered at the hands of a municipal employee can be traced to a hiring decision in a 'but-for' sense: But for the municipality's decision to hire the employee, the plaintiff would not have suffered the injury.

*Id.* at 409.

In reviewing Plaintiff's inadequate hiring claim, in particular, this Court must "take even greater care to adhere to stringent culpability and causation standards and carefully test the link between the policymaker's hiring decision and the particular injury alleged." *Barney v. Pulsipher*, 143 F.3d 1299, 1308 (10th Cir. 1998) (quotations and citations omitted).

> Merely showing that a municipal officer engaged in less than careful scrutiny of an applicant resulting in a generalized risk of harm is not enough to meet the rigorous requirements of 'deliberate indifference.' Culpability requires a strong connection between the background of the particular applicant and the specific constitutional violation alleged. *Establishing municipal liability in the hiring context requires a finding that 'this officer was highly likely to inflict the particular injury suffered by the plaintiff.'*

*Id.* (emphasis added).   Although the Court assumes the truth of Plaintiffs allegations for purposes of assessing the sufficiency of the Amended Complaint, Plaintiffs' allegations, taken as true, must state a plausible claim of supervisory liability against Defendants Gentile and Bjorklund.

**B.     Ms. Dorf's Allegations**

Although the Amended Complaint contains ninety-six separate paragraphs, only a handful of those paragraphs allege any facts with respect to Plaintiffs' claims against Defendants Gentile and Bjorklund.   Even those that do attempt to set forth facts are conclusory and clearly insufficient to state a plausible claim for relief.

With respect to Plaintiffs' inadequate hiring claim, the Amended Complaint contains only the following allegations:

> 15.     Upon information and belief, Officer Ramiro Pena had been previously employed by law enforcement in another state.
>
> 16.     Upon information and belief, Officer Pena had been disciplined or reported for inappropriate conduct in his prior job.
>
> ***
>
> 18.     Upon information and belief, the City of Evansville did not perform sufficient background investigation, screen or research to adequately determine whether Officer Pena had previously been disciplined or previously engaged in inappropriate conduct on the job.

(Am. Compl. ¶¶ 15-16, 18).   The only other fact-based allegations relating to Plaintiffs' claims against Defendants Gentile and Bjorklund make similarly vague and general references to Officer Pena's "inappropriate behavior" or "improper conduct" and Defendants Gentile and Bjorklund's

knowledge or conduct with respect thereto:

> 21.     Upon joining the Evansville Police Department, upon information and belief, Officer Pena began to engage in inappropriate behavior.  Upon information and belief, the Evansville Police Department did not take sufficient action in response and Officer's Pena's behavior continued.

> 22.     Further, upon information and belief, Defendants and/or the City of Evansville did not appropriately discipline Officer Pena for engaging in improper conduct while acting in the course and scope of his employment.

> ***

> 46.     Upon information and belief, Officer Pena has had other instances of improper behavior.

> 47.     Upon information and belief, Defendants had knowledge of Officer Pena's improper behavior and Officer Pena's assault of Plaintiff and failed to investigate and take appropriate action.

(Am. Compl. ¶¶ 21-22.)

Plaintiffs' ambiguous references to Officer Pena's prior "inappropriate behavior" and "improper conduct" – and more importantly, Defendants' knowledge or failure to act with respect thereto – are made "upon information and belief" and without any specific factual support.[2]  Instead,

---

[2] In noting that Plaintiff's allegations are made "upon information and belief," the Court does not suggest that such allegations made are improper under *Iqbal* and *Twombly*.  As the Sixth Circuit recently observed, the plausibility standard of *Iqbal* and *Twombly:*

> does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks and

the "facts" alleged upon information and belief are so generic and vague as to encompass a wide range of conduct, much of which would be unactionable under § 1983.   As the Tenth Circuit has instructed, where the plaintiffs' allegations are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Kansas Penn Gaming*, 656 F.3d at 1215 (quoting *Robbins*, 519 F.3d at 1247).

Although Plaintiffs rely heavily upon paragraphs 19 through 21 as setting forth the factual bases for Ms. Dorf's claims, those paragraphs set forth, at best, a conclusory string of the various theories that can serve as a basis for supervisory liability under § 1983.  They contain no additional factual elucidation:

> 19.     Upon information and belief, Defendants (above named person and parties) did not have or did not disseminate adequate policies, procedures or training to protect against peace officers engaging in improper conduct in the course and scope of their duties as peace officers.

> 20.     Upon information and belief, Defendants did not have or did not disseminate adequate training to ensure that police officers would not commit sexual assault in the course and scope of their duties as peace officers.

> 21.     Upon joining the Evansville Police Department, upon information and belief, Officer Pena began to engage in inappropriate behavior.  Upon information and belief, the Evansville Police Department did not take sufficient action in

citations omitted).  Here, however, even though Plaintiffs' allegations are made "upon information and belief," there is simply no *factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal*, 556 U.S. at 678 (emphasis added). Nor is the nature of Officer Pena's alleged prior misconduct a matter that is "peculiarly within the possession and control" of defendants.

9

response and Officer's Pena's behavior continued.

(Am. Compl. ¶¶ 19-21.) These types of conclusory allegations devoid of factual support are plainly insufficient post-*Iqbal* and *Twombly* to state a proper claim for relief. *See Kansas Penn Gaming*, 656 F.3d at 1214 ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.")

In addition, these paragraphs of the Amended Complaint refer to the actions of "Defendants," lumping all of the Defendants together without making any attempt to distinguish between them. As such, these allegations are "not sufficient to show how [Defendants Gentile and/or Bjorklund] might be individually liable for deprivations of [Ms. Dorf's] constitutional rights." *Brown v. Montoya*, 662 F.3d 1152,1165 (10th Cir. 2011) (quoting *Robbins*, 519 F.3d at 1250). As the Tenth Circuit recently reiterated, "it is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations." *Id.* (quoting *Kansas Penn Gaming*, 656 F.3d at 1215 and *Robbins*, 519 F.3d at 1249–50) (internal quotation marks and alterations omitted). Here, because "Defendants are mistakenly grouped in a single allegation, the [Amended] Complaint fails to isolate the allegedly unconstitutional acts of [Defendants Gentile and/or Bjorklund]." *Brown*, 662 F.3d at 1165. Accordingly, Ms. Dorf's § 1983

and related state law claims against Defendants Gentile and Bjorklund must be dismissed.[3]

**B.     D.W.D.'s Allegations**

Ms. Dorf's minor son, D.W.D., attempts to bring a claim against Defendants Gentile and Bjorklund for negligent infliction of emotional distress.  With respect to this claim, the only factual allegation contained in the Amended Complaint states as follows:

> 41.     Plaintiff's children, including her older son, D.W.D., were in her home.  Upon information and belief, the children were asleep in their bedroom during the time Officer Pena came to Plaintiff's home.  Upon information and belief, all of the children did not remain asleep during the time Officer Pena was at Plaintiff's home.

(Am. Compl. ¶ 41.).  Notably, this allegation stops short of even alleging that D.W.D. actually observed his mother being sexually assaulted.  *See Gates v. Richardson*, 719 P.2d 193, 199 (Wyo. 1986) (holding that a plaintiff may recover on claim of negligent infliction of emotional distress "if he observed the infliction of serious bodily harm or death, or if he observed the serious bodily harm or death shortly after its occurrence but without material change in the condition and location of the victim"); *see also Bevan v. Fix*, 42 P.3d 1013, 1024 (Wyo. 2002) (holding that "in order for a plaintiff to be considered 'present at the time' of the outrageous conduct for purposes of an intentional infliction of emotional distress claim, [plaintiff] must simply show his 'sensory and contemporaneous observance' of the defendant's acts").  Nor do Plaintiffs explain why an allegation

_____

[3] At oral argument, Defendants argued and Plaintiffs conceded that Plaintiffs' state law claims for negligent hiring and supervision are derivative claims which do not survive if Plaintiffs' § 1983 claims are dismissed.

"upon information and belief" is appropriate in the context of facts that should be known to Plaintiffs themselves. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (noting that allegation made "upon information and belief" remains appropriate post-*Iqbal* and *Twombly* "where the facts are peculiarly within the possession and control of the defendant").

### C.     <u>Amendment of the Complaint</u>

Plaintiffs have never sought leave to amend the Amended Complaint.  Plaintiffs did suggest for the first time during oral argument that "an appropriate remedy *if* the Court finds that the allegations could be more surgical," would be to require Plaintiffs to amend their Complaint and make the allegations more specific."  However, such cursory and conditional requests for leave to amend are plainly insufficient.  *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (Wyo. 2010) (citing *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir.1989) (affirming dismissal of plaintiffs' complaint for failure to state a claim and rejecting plaintiffs' argument the court erred by not addressing their request to amend where plaintiffs included such request only as an alternative form of relief in their opposition to defendants' motion)); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir.1999) (applying *Glenn* and holding the district court did not abuse its discretion in failing to address plaintiff's request for leave to cure deficiencies in her pleadings "[b]ecause a motion for leave to amend was never properly before it"); *see also Bangerter v. Roach*, 2012 WL 812174, *2 (10th Cir. March 13, 2012) (unpublished) (affirming dismissal with prejudice of plaintiff's complaint for failure to state a claim

where plaintiff never filed a formal motion but instead merely requested that "at a minimum Plaintiff be allowed leave to amend any possible perceived pleading failures"). Moreover, Plaintiffs seem to suggest that if further specificity in their complaint is required, they should be allowed to amend their allegations only "as [they] get additional information." Although this request suggests Plaintiffs believe they *may* be able to state a claim for relief *after* conducting discovery, even the liberal pleading standard of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. This is precisely the scenario which *Iqbal* and *Twombly* sought to prevent. Plaintiffs' inability at this time to offer more than speculation and conclusory allegations underscores, rather than cures, the deficiencies in their complaint.

## CONCLUSION

WHEREFORE, for the reasons set forth more fully above, Defendants Gentile and Bjorklund's Motion for Judgment on the Pleadings [Doc. 16] is hereby **GRANTED**. Plaintiffs' claims against Defendants Gentile and Bjorklund are **DISMISSED WITH PREJUDICE**.

Dated this __22nd__ day of April, 2012.

Scott W. Skavdahl
United States District Judge